In the Matter of the DENTAL SOCIETY OF THE STATE OF NEW YORK, Appellant, v HUGH CAREY, as Governor of the State of New York, et al., Respondents.

Third Department, March 10, 1983

APPEARANCES OF COUNSEL

*Power & Monat* (*Lawrence M. Monat* of counsel), for appellant.

*Robert Abrams, Attorney-General* (*William J. Kogan* and *Jeremiah Jochnowitz* of counsel), for respondents.

OPINION OF THE COURT

SWEENEY, J.

This is a CPLR article 78 proceeding brought by petitioner seeking a judgment mandating respondents to upwardly revise the Medicaid dental fee reimbursement

schedule. Petitioner is a not-for-profit corporation and the official State-wide professional association for licensed dentists. Petitioner alleges that pursuant to title XIX of the Social Security Act (US Code, tit 42, § 1396 *et seq.*), respondents established a maximum dental fee reimbursement schedule in 1966 which was subsequently revised downward in 1969 by 20% and upward in 1974 by 25% and has remained at this 1974 level. Petitioner, in this proceeding, contends that the schedule is inadequate and should be increased. Respondents, prior to answering, moved to dismiss the proceeding on the grounds that petitioner lacks standing to bring the proceeding; that petitioner fails to state a cause of action; and that petitioner is not entitled to the relief sought. Special Term dismissed the proceeding on the ground, not urged by respondents, that the matter complained of is the exclusive responsibility of the Legislature. This appeal ensued.

■ Initially, petitioner contends that it was error for Special Term to dismiss the proceeding on a ground not raised by respondents when no answer had been filed. Concededly, the petition was dismissed on a ground not raised in the notice of motion or its supporting papers. While there is authority that a court has discretionary power to consider a motion to dismiss on grounds not raised in the motion papers (see *Arce v Sybron Corp.,* 82 AD2d 308), a dismissal on such grounds should not be sustained where a party is prejudiced by his inability to respond to the ground considered *sua sponte* by the court. Here, petitioner was clearly prejudiced by its inability to respond to Special Term's reasoning in support of the dismissal and there must be a reversal. In the interests of judicial economy, however, we will consider the issues raised and not passed upon by Special Term.

■ Considering the issue of standing, we are of the view that petitioner does have standing. Petitioner represents approximately 90% of the licensed dentists of the State of New York. The Legislature has declared medical assistance for the needy to be a matter of public concern. The provision of dental services is optional under the Medicaid program (US Code, tit 42, § 1396d, subd [a], par [10]) and the State has opted to participate in the program of provid-

ing dental services. The program, to be efficacious, must be sufficiently attractive to enlist providers so that services are available to the needy. It follows, therefore, that if the rates are not adequate, services will not be provided, thus both the provider and the recipients would be adversely affected. While we find no New York cases precisely in point on the issue of standing, there is ample Federal authority to support the conclusion that both welfare recipients and welfare providers have standing to challenge alleged violations of the Social Security Law (*National Union of Hosp. & Health Care Employees, RWDSU, AFL-CIO v Carey,* 557 F2d 278, 280; *Coe v Hooker,* 406 F Supp 1072, 1080).

We now turn to whether the petition states a cause of action. Initially, we note that Special Term's dismissal was based on the inability of any court to decide the issue raised since it was purely a legislative matter. In effect, the court determined there was not a justiciable issue. To resolve the problem we must first examine the petition. It alleges, *inter alia,* that the cost of dental services has skyrocketed since 1966; that as a result of respondents' failure to increase the fee schedule, only 5% of the licensed dentists in the State currently provide Medicaid services; and that such action, in effect, deprives the indigent of this State of receiving the dental care to which they are entitled. We must consider these allegations together with the intent and purpose of the Social Security Act and the rules and regulations of the Secretary of Health, Education and Welfare, a pertinent portion of which reads as follows: "The [State] agency's payments must be sufficient to enlist enough providers so that services under the plan are available to recipients at least to the extent that those services are available to the general population" (42 CFR 447.204). Since the State elected to participate in the program, it must conform to the rules and regulations adopted by the Federal authorities. This being so, petitioner's contention that the State's fee structure for dentists fails to enlist enough providers to be in conformance with 42 CFR 447.204 does, in our opinion, raise a justiciable issue and does state a claim upon which relief can be granted (see *DeGregorio v O'Bannon,* 500 F Supp 541). We add, how-

ever, that it is not necessary for the court to establish a reimbursement schedule in accordance with the Federal regulations and petitioner can be afforded adequate relief without judicial interference with the executive or legislative branches of government. We merely conclude that the claim that the dental fee schedule fails to meet the applicable standard raises a justiciable issue. The judgment dismissing the petition must, therefore, be reversed and the petition reinstated.

MAHONEY, P. J., MAIN, MIKOLL and YESAWICH, JR., JJ., concur.

Judgment reversed, on the law, without costs, and respondents' motion to dismiss the petition denied.