◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN D. JUSTICE, Appellant. [609 NYS2d 734] —Judgment unanimously affirmed. Memorandum: The facts of this case appear in a prior decision of this Court *(People v Justice,* 173 AD2d 144), wherein we reversed defendant's conviction of two counts of murder on the ground that the court failed properly to respond to a jury request for supplemental instruction on the insanity defense. On retrial, defendant was convicted, *inter alia,* of manslaughter in the first degree and manslaughter in

the second degree arising out of separate homicides. Defendant was sentenced to consecutive terms of 8⅓ to 25 years for first degree manslaughter and five to 15 years for second degree manslaughter, an aggregate term of 13⅓ to 40 years.

Defendant's sentence, in particular the imposition of consecutive terms, was not illegal. Penal Law § 70.25 (2) authorizes consecutive sentencing where the offenses were not "committed through a single act or omission, or through an act or omission which in itself constituted one of the offenses and also was a material element of the other." Defendant's acts of homicide, committed hours apart and at different locations, warranted consecutive terms. Defendant's contention that concurrent sentences were required because both crimes were committed with the same mental state lacks merit (see, People v Chandler, 106 AD2d 677).

Defendant additionally contends that, under the doctrine of North Carolina v Pearce (395 US 711, 724-725) and People v Van Pelt (76 NY2d 156), it was illegal for the court to impose consecutive sentences after retrial where defendant had received concurrent terms after his initial trial. Defendant was sentenced to concurrent terms of 25 years to life after his first trial and received an aggregate term of 13⅓ to 40 years following his retrial. Thus, defendant did not receive a lengthier sentence following retrial, and the presumption of vindictiveness does not apply.

There is no basis for modifying defendant's sentence in the interest of justice. The sentencing court did not abuse its discretion in denying defendant youthful offender treatment, in imposing consecutive terms, or in sentencing defendant to an aggregate term of 13⅓ to 40 years. (Appeal from Judgment of Erie County Court, Rogowski, J.—Manslaughter, 1st Degree.) Present—Denman, P. J., Pine, Fallon, Callahan and Davis, JJ.