■ JOHN D. JUSTICE, Appellant, v STATE OF NEW YORK, Respondent. [887 NYS2d 347]—

Rose, J. Appeal from an order of the Court of Claims (Collins, J.), entered December 3, 2008, which granted defendant's cross motion to dismiss the claim for failure to state a cause of action.

Claimant was acquitted by reason of mental disease or defect in the killing of two persons (*People v Justice*, 173 AD2d 144 [1991]), but sentenced to prison upon his conviction of manslaughter for the killing of two others (*People v Justice*, 202 AD2d 981 [1994]). When he was released on parole in 2005, an order of conditions (hereinafter the order) was imposed (*see* CPL 330.20 [12]). Claimant violated his parole and, in July 2007, he was again imprisoned. After pursuing other proceedings regarding his status under the order, claimant commenced this action alleging that the Commissioner of Mental Health had failed to take statutorily mandated actions regarding his written service plan (hereinafter the plan), and that those omissions cause him fear and anxiety. When claimant moved for summary judgment, defendant cross-moved to dismiss the claim for failure to state a cause of action. Finding that a key factual issue—namely, whether the plan was incorporated into the order—had been previously decided in the Commissioner's favor, the Court of Claims granted defendant's cross motion and dismissed the claim. Claimant now appeals.

As claimant correctly points out, the Court of Claims misconstrued his claim and, in its decision, focused solely on his allegation that the Commissioner failed to incorporate the plan into the order. While claimant's pleading contains that allegation, his cause of action is based on the separate allegation that later, "[f]rom January 24, 2008, [he] has suffered under the negligence of [defendant]" due to the Commissioner's failure to

determine whether he is receiving the services contemplated in the plan and whether he is in compliance on the plan. Claimant further alleges that these omissions have caused him "worry, fear and doubt [that] have wreaked havoc with [his] physical health." When his pleading is liberally construed to determine "whether the facts as alleged fit within any cognizable legal theory" (*Leon v Martinez*, 84 NY2d 83, 87-88 [1994]), it can be read as stating a cause of action for negligent infliction of emotional distress (*see generally Johnson v State of New York*, 37 NY2d 378 [1975]; *Battalla v State of New York*, 10 NY2d 237 [1961]; *compare Moore v Melesky*, 14 AD3d 757, 761 [2005]). Inasmuch as the Court of Claims did not reach claimant's motion for summary judgment, we will remit the matter for consideration of the merits of that motion.*

Peters, J.P, Lahtinen, Kane and Malone Jr., JJ., concur. Ordered that the order is reversed, on the law, without costs, cross motion denied, and matter remitted to the Court of Claims for further proceedings not inconsistent with this Court's decision.

* Defendant's present arguments that it had no duty to provide services while claimant was imprisoned and that the Commissioner never admitted having failed to supervise him would only be relevant in deciding his motion for summary judgment.