■ JOHN D. JUSTICE, Appellant, v STATE OF NEW YORK, Respondent. [985 NYS2d 294]—

Rose, J. Appeal from an order of the Court of Claims (Collins, J.), entered June 13, 2013, which, among other things, granted defendant's motion for summary judgment dismissing the claim.

Claimant is an insanity acquittee who is also incarcerated (*see People v Justice*, 202 AD2d 981 [1994], *lv denied* 83 NY2d 968 [1994]; *People v Justice*, 173 AD2d 144, 146 [1991]). In 2008, he brought this claim, sounding in negligence, alleging that, while he has been incarcerated, the Commissioner of Mental Health has failed to, among other things, monitor his compliance with an order of conditions imposed in 2006 pursuant to CPL 330.20 (12). Following joinder of issue, claimant unsuccessfully moved for summary judgment on the issue of liability (80 AD3d 931 [2011], *affg on op of Collins, J.* [Ct Cl, Feb. 5, 2010, Collins, J., claim No.115070, UID No. 2010-015-109]; *see* 66 AD3d 1182 [2009]). Thereafter, defendant moved for summary judgment seeking dismissal of the claim on the basis that, among other things, it did not owe claimant an actionable duty of care under CPL 330.20 (12). The Court of Claims granted defendant's motion, prompting claimant's appeal.

We affirm. The rule is well established "that an agency of

---

government is not liable for the negligent performance of a governmental function unless there existed a special duty to the injured person, in contrast to a general duty owed to the public" (*McLean v City of New York*, 12 NY3d 194, 199 [2009] [internal quotation marks and citation omitted]; *see Metz v State of New York*, 20 NY3d 175, 179 [2012]). A special duty will only arise from a special relationship, which can be formed in three ways: "(1) when the [governmental entity] violates a statutory duty enacted for the benefit of a particular class of persons; (2) when it voluntarily assumes a duty that generates justifiable reliance by the person who benefits from the duty; or (3) when the [governmental entity] assumes positive direction and control in the face of a known, blatant and dangerous safety violation" (*Pelaez v Seide*, 2 NY3d 186, 199-200 [2004]; *see Metz v State of New York*, 20 NY3d at 180). Inasmuch as claimant asserts that CPL 330.20 creates a statutory duty for the benefit of the class of which he is a member, i.e., insanity acquittees, only the first of these categories is potentially applicable.*

Significantly, "[t]o form a special relationship through breach of a statutory duty, the governing statute must authorize a private right of action" (*Signature Health Ctr., LLC v State of New York*, 92 AD3d 11, 14 [2011], *lv denied* 19 NY3d 811 [2012] [internal quotation marks and citation omitted]; *accord Pelaez v Seide*, 2 NY3d at 200). Because CPL 330.20 does not expressly confer upon insanity acquittees the right to seek civil damages for any failure by the Commissioner to follow the statute's provisions, "recovery may be had only if a private right of action can be implied" (*Signature Health Ctr., LLC v State of New York*, 92 AD3d at 14). A private right of action may be fairly implied when all of the prerequisites are fulfilled, namely: "(1) the [claimant] is one of the class for whose particular benefit the statute was enacted; (2) recognition of a private right of action would promote the legislative purpose of the governing statute; and (3) to do so would be consistent with the legislative scheme" (*id.* at 14-15; *accord McLean v City of New York*, 12 NY3d at 200; *Pelaez v Seide*, 2 NY3d at 200).

In our view, the legislative history supports the finding of the Court of Claims that CPL 330.20 was primarily enacted to benefit the public, rather than insanity acquittees (*see generally* 1981 Report of NY Law Rev Commn, Appendix A, The Defense

---

* Although claimant broadly contends that the Commissioner voluntarily assumed a duty of care pursuant to the second category of special relationship, nothing in the record supports his conclusory assertion that his situation fits within the required elements of a special relationship arising from a duty voluntarily undertaken (*see McLean v City of New York*, 12 NY3d at 201).

of Insanity in New York State, reprinted in 1981 McKinney's Session Laws of NY at 2268; Bill Jacket, L 1980, ch 548). As the Court of Appeals has noted, "[t]he postacquittal procedures now codified in CPL 330.20 and initially enacted into law as part of the Insanity Defense Reform Act of 1980 (L 1980, ch 548) were intended to protect the public from persons found not responsible of a crime by reason of mental disease or defect while providing effective treatment for such individuals" (*Matter of Oswald N.*, 87 NY2d 98, 104 [1995]). Even accepting the argument that claimant, as an insanity acquittee, is one of the class for whose particular benefit the statute was enacted, the second and third prerequisites necessary to find an implied private right of action have not been demonstrated (*see Signature Health Ctr., LLC v State of New York*, 92 AD3d at 15). A review of the legislative history of CPL 330.20 (*see* Bill Jacket, L 1980, ch 548) discloses nothing that would support a conclusion that recognition of a private right of action in favor of insanity acquittees would either promote the legislative purpose of the governing statute or be consistent with the legislative scheme. Claimant's remaining arguments have been examined and found to be unpersuasive.

Peters, P.J., Lahtinen and Egan Jr., JJ., concur. Ordered that the order is affirmed, without costs.