Appeal from an order of the Supreme Court, Suffolk County (W. Gerard Asher, J.), dated April 14, 2015. The order, insofar as appealed from, (1) granted the motion of the defendants Board of Trustees of the Knox School, Knox School, Frank Cas-sano, Stuart Guthrie, Thad Gaebelein, Elektra Gaebelein, Sonia Rodriguez, Janice Zingale, George J. Naron, Sharon Lawrence, Duncan L. Marshall, and Debbie Moore pursuant to CPLR 3211 (a) to dismiss the complaint insofar as asserted against them, (2) granted the separate motion of the defendant Jennifer Stow ell pursuant to CPLR 3211 (a) to dismiss the complaint insofar as asserted against her, (3), sua sponte, directed dismissal of the complaint insofar as asserted against the defendant Jamie Isaacs Anti-Bullying Foundation, and (4), sua sponte, in effect, directed dismissal of the complaint insofar as asserted against the defendants Anne Isaacs, Ron Isaacs, Harriet Aronow, and Leon Boodman.
 

 Ordered that on the Court’s own motion, the notice of appeal from so much of the order as, sua sponte, directed dismissal of the complaint insofar as asserted against the defendant Jamie Isaacs Anti-Bullying Foundation and, sua sponte, in effect, directed dismissal of the complaint insofar as asserted against the defendants Anne Isaacs, Ron Isaacs, Harriet Aronow, and Leon Boodman is deemed to be an application for leave to appeal from that portion of the order, and leave to appeal is granted (see CPLR 5701 [c]); and it is further,
 

 Ordered that the order is modified, on the law and in the exercise of discretion, (1) by deleting the provision thereof granting those branches of the motion of the defendants Board of Trustees of the Knox School, Knox School, Frank Cassano, Stuart Guthrie, Thad Gaebelein, Elektra Gaebelein, Sonia Rodriguez, Janice Zingale, George J. Naron, Sharon Lawrence, Duncan L. Marshall, and Debbie Moore which were pursuant to CPLR 3211 (a) to dismiss the causes of action to recover damages for fraud, misrepresentation, negligence, intentional infliction of emotional distress, negligent infliction of emotional distress, and negligent hiring, supervision, and retention insofar as asserted against them, and substituting therefor a provision denying those branches of the motion, (2) by deleting the provision thereof granting those branches of the motion of the defendant Jennifer Stowell which were pursuant to CPLR 3211 (a) to dismiss the causes of action to recover damages for negligence, intentional infliction of emotional distress, and negligent infliction of emotional distress insofar as asserted against her, and substituting therefor a provision denying those branches of the motion, (3) by deleting the provision thereof, sua sponte, directing dismissal of the complaint insofar as asserted against the defendant Jamie Isaacs Anti-Bullying Foundation, and (4) by deleting the provision thereof, sua sponte, in effect, directing dismissal of the complaint insofar as asserted against the defendants Anne Isaacs, Ron Isaacs, Harriet Aronow, and Leon Boodman; as so modified, the order is affirmed insofar as appealed from, with one bill of costs to the plaintiff payable by the respondents appearing separately and filing separate briefs.
 

 The plaintiff, individually and on behalf of his infant son, commenced this action to recover damages for, inter alia, fraud, breach of contract, negligence, and intentional infliction of emotional distress. The plaintiff’s claims arise out of his son’s attendance at, and ultimate withdrawal from, the defendant Knox School. The complaint alleged that Knox School breached its contract with the plaintiff by failing to provide proper educational services to the plaintiff’s son, and that the school, through its agents and employees, including some of the individual defendants, engaged in “a pattern and practice of bullying and singling-out” the plaintiff’s son. In addition, the plaintiff alleged, among other things, that the defendant Jennifer Stowell, an instructor or teacher at Knox School, “maintained an inappropriate relationship” with his son, and that the defendants Anne Isaacs and Ron Isaacs (hereinafter together the Isaacs) engaged in a conspiracy with the defendants Harriet Aronow and Leon Boodman to harbor his son after he disappeared from his home and school.
 

 The Supreme Court granted the motion of the defendants Board of Trustees of the Knox School, Knox School, Frank Cas-sano, Stuart Guthrie, Thad Gaebelein, Elektra Gaebelein, Sonia Rodriguez, Janice Zingale, George J. Naron, Sharon Lawrence, Duncan L. Marshall, and Debbie Moore (hereinafter collectively the Knox School defendants) pursuant to CPLR 3211 (a) to dismiss the complaint insofar as asserted against them. The court also granted the separate motion of Stowell pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against her. In addition, the court, sua sponte, directed dismissal of the complaint insofar as asserted against the defendant Jamie Isaacs Anti-Bullying Foundation and, sua sponte, in effect, directed dismissal of the complaint insofar as asserted against the Isaacs, Aronow, and Boodman. The plaintiff appeals.
 

 The Supreme Court did not err in granting that branch of the Knox School defendants’ motion which was pursuant to CPLR 3211 (a) (5) to dismiss the breach of contract cause of action asserted against Knox School, based on the preclusive effect of a prior arbitration award. The breach of contract cause of action was actually litigated and determined in the arbitration proceeding, and the plaintiff does not argue that he lacked a full and fair opportunity to litigate that cause of action before the arbitrator (see Nachum v Ezagui, 83 AD3d 1017, 1018-1019 [2011]; Comprehensive Med. Care of N.Y., P.C. v Hausknecht, 55 AD3d 777 [2008]; Laramie Springtree Corp. v Equity Residential Props. Trust, 38 AD3d 850, 851-852 [2007]).
 

 However, the remaining causes of action asserted against the Knox School defendants are not barred by the arbitration award, as those disputes did not fall within the purview of the arbitration clause and were not determined by the arbitrator (see Mahler v Campagna, 60 AD3d 1009, 1012 [2009]; see also Diorio v Ossining Union Free School Dist., 96 AD3d 710, 711 [2012]).
 

 In addition, contrary to the contention of the Knox School defendants, the action was not shown to be untimely commenced against them. In general, a challenge to an academic decision of an educational institution must be brought in a CPLR article 78 proceeding (see Maas v Cornell Univ., 94 NY2d 87, 92 [1999]; Sarwar v New York Coll. of Osteopathic Medicine of N.Y. Inst. of Tech., 150 AD3d 913, 914 [2017]). Although the plaintiff made certain allegations relating to academic or disciplinary decisions by Knox School and its staff, the plaintiff also alleged that in making those decisions, the Knox School defendants engaged in actions calculated to cause his son emotional distress, including “bullying” and the destruction of the son’s property. The plaintiff further alleged, inter alia, that Stowell engaged in an “inappropriate relationship” with his son. Under these circumstances, the plaintiff was not required to bring his tort claims in a CPLR article 78 proceeding. Accordingly, contrary to the contention of the Knox School defendants, those causes of action were not subject to the limitations period applicable to CPLR article 78 proceedings (see Eidlisz v New York Univ., 15 NY3d 730, 732 [2010]; see also Wander v St. John’s Univ., 99 AD3d 891, 893 [2012]).
 

 Further, the Supreme Court improvidently exercised its discretion in directing dismissal of the tort causes of action insofar as asserted against the Knox School defendants for failure to state a cause of action, a ground not raised in their motion. Although a court possesses the general “discretionary power to consider a motion to dismiss on grounds not raised in the motion papers” (Matter of Dental Socy. of State of N.Y. v Carey, 92 AD2d 263, 264 [1983], affd 61 NY2d 330 [1984]), that relief should not be accorded where prejudice may result (see Taylor v Curry, 107 AD3d 879 [2013]; Matter of Dental Socy. of State of N.Y. v Carey, 92 AD2d at 264). Here, the plaintiff was not granted an opportunity to address whether the complaint stated viable tort causes of action against the Knox School defendants. Consequently, the dismissal of the tort causes of action insofar as asserted against those defendants on that basis was improper (see Taylor v Curry, 107 AD3d at 879; Matter of Dental Socy. of State of N.Y. v Carey, 92 AD2d at 264).
 

 As the Supreme Court correctly found, the complaint fails to state a viable cause of action to recover damages for fraud or misrepresentation against Stowell. Pursuant to CPLR 3016 (b), a fraud or misrepresentation claim must be pleaded with specificity. Here, the plaintiff failed to plead, inter alia, any specific representations by Stowell. Consequently, the court properly granted those branches of Stowell’s motion which were pursuant to CPLR 3211 (a) (7) to dismiss the fraud and misrepresentation causes of action insofar as asserted against her (see Lee Dodge, Inc. v Sovereign Bank, N.A., 148 AD3d 1007, 1008 [2017]; Orchid Constr. Corp. v Gottbetter, 89 AD3d 708, 710 [2011]).
 

 However, the Supreme Court erred in granting those branches of Stowell’s motion which were pursuant to CPLR 3211 (a) (7) to dismiss the remaining causes of action insofar as asserted against her. On a motion to dismiss a complaint for failure to state a cause of action pursuant to CPLR 3211 (a) (7), “the sole criterion is whether the pleading states a cause of action, and if from its four corners factual allegations are discerned which taken together manifest any cause of action cognizable at law a motion for dismissal will fail” (Guggenheimer v Ginzburg, 43 NY2d 268, 275 [1977]). The complaint must be liberally construed in the light most favorable to the plaintiff, and all allegations must be accepted as true (see Leon v Martinez, 84 NY2d 83, 87 [1994]). Broadly construed, the allegations, inter alia, of an “inappropriate relationship” between the plaintiff’s son and Stowell, an instructor or teacher at Knox School, the allegations of multiple communications from Stowell to the son around the time of his temporary “disappearance” from school and home in late 2012, and the allegations that Stowell refused to cooperate with a police investigation, suffice to state causes of action sounding in negligence (see generally Nevaeh T. v City of New York, 132 AD3d 840, 843 [2015]), intentional infliction of emotional distress (see Laurie Marie M. v Jeffrey T.M., 159 AD2d 52, 56 [1990], affd 77 NY2d 981 [1991]), and negligent infliction of emotional distress (see Justice v State of New York, 66 AD3d 1182 [2009]; see also Peters v Rome City School Disk, 298 AD2d 864 [2002]).
 

 Finally, the Supreme Court erred in, sua sponte, directing dismissal of the complaint insofar as asserted against Jamie Isaacs Anti-Bullying Foundation and, sua sponte, in effect, directing dismissal of the complaint insofar as asserted against the Isaacs, Aronow, and Boodman, as no “extraordinary circumstances” warranted granting that relief to those defendants, who did not move for dismissal (U.S. Bank, N.A. v Emmanuel, 83 AD3d 1047, 1048 [2011]; see Abinanti v Pascole, 41 AD3d 395, 396 [2007]; Rienzi v Rienzi, 23 AD3d 450 [2005]).
 

 Dillon, J.P., Sgroi, Hinds-Radix and Iannacci, JJ., concur.