Greenberg v Wiesel (2020 NY Slip Op 04927)





Greenberg v Wiesel


2020 NY Slip Op 04927


Decided on September 16, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 16, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
COLLEEN D. DUFFY
HECTOR D. LASALLE
FRANCESCA E. CONNOLLY, JJ.


2017-02363
 (Index No. 514223/15)

[*1]Doris Greenberg, appellant,
v
Annette Wiesel, respondent, et al., defendants.


Levitt LLP, Mineola, NY (Steven L. Levitt and James E. Brandt of counsel), for appellant.
Snitow Kaminetsky Rosner & Snitow, LLP, New York, NY (Franklyn H. Snitow and Elliot J. Rosner of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of fiduciary duty and for an accounting, the plaintiff appeals from an order of the Supreme Court, Kings County (Ellen M. Spodek, J.), dated January 30, 2017. The order granted the motion of the defendant Annette Wiesel pursuant to CPLR 3211(a) to dismiss the first and fourth through seventh causes of action in the amended complaint asserted against her and denied the plaintiff's cross motion for leave to file a second amended complaint.
ORDERED that the order is reversed, on the law, with costs, the motion of the defendant Annette Wiesel pursuant to CPLR 3211(a) to dismiss the first and fourth through seventh causes of action in the amended complaint asserted against her is denied and the plaintiff's cross motion for leave to file a second amended complaint is granted.
In January 2015, the plaintiff commenced this action, individually, and derivatively on behalf of A & Z Huron, LLC (hereinafter A & Z), to recover damages for breach of fiduciary duty and unjust enrichment, and for an accounting against the defendants Annette Wiesel, A & Z, and R & Z Metal Corporation (hereinafter R & Z Metal). Wiesel moved pursuant to CPLR 3211(a)(5) and (7) to dismiss the first and fourth through seventh causes of action in the amended complaint asserted against her. The plaintiff cross-moved for leave to file a second amended complaint. The Supreme Court granted Wiesel's motion and denied the plaintiff's cross motion. The plaintiff appeals.
Contrary to the Supreme Court's determination, the first, fourth, fifth, sixth, and seventh causes of action in the amended complaint were timely interposed. The amended complaint alleges that Wiesel and the plaintiff are sisters, and are both members of A & Z, and that Wiesel is the sole manager of A & Z. The complaint also alleges, inter alia, that, since 2009, Wiesel received and continues to personally receive monies and assets from R & Z Metal Recycling, which took over R & Z Metal's scrap metal business in 2009, and these monies and assets should be going to A & Z. The plaintiff's claim, on behalf of A & Z and herself, that Weisel appropriated and withheld monies and assets meant for A & Z, constitutes a continuing wrong which accrues anew each time Wiesel receives such assets and monetary payments and withholds them from A & Z (see Barash v Estate of Sperlin, 271 AD2d 558, 559; see also Minskoff Grant Realty & Mgt. Corp. v 211 Mgr Corp, 71 AD3d 843, 845). Accordingly, the plaintiff's claims as to any assets and monetary payments that [*2]were retained and withheld by Wiesel during the applicable limitations periods immediately preceding the commencement of the action are not time-barred; any recoverable damages are limited to those relevant time periods (see Barash v Estate of Sperlin, 271 AD2d at 559; see also Kaymakcian v Board of Mgrs. of Charles House Condominium, 49 AD3d 407, 407).
The Supreme Court also should have denied Wiesel's motion to dismiss those causes of action pursuant to CPLR 3211(a)(7). On a motion to dismiss a complaint for failure to state a cause of action, " the court must afford the pleading a liberal construction, accept all facts as alleged in the pleading to be true, accord the plaintiff the benefit of every possible inference, and determine only whether the facts as alleged fit within any cognizable legal theory'" (260 Mamaroneck Ave, LLC v Guaraglia, 172 AD3d 661, 662, quoting Canzona v Atanasio, 118 AD3d 841, 842). Thus, "the sole criteri[a] is whether the pleading states a cause of action, and if from its four corners factual allegations are discerned which taken together manifest any cause of action cognizable at law a motion for dismissal will fail" (Guggenheimer v Ginzburg, 43 NY2d 268, 275; Cheslowitz v Board of Trustees of the Knox Sch., 156 AD3d 753, 757 [internal quotation marks omitted]). To state a cause of action for unjust enrichment, the plaintiff must allege that (1) the other party was enriched, (2) at the plaintiff's expense, and (3) that it is against equity and good conscience to permit the other party to retain what is sought to be recovered (see Alan B. Greenfield M.D., P.C. v Long Beach Imaging Holdings, LLC, 114 AD3d 888, 889). Here, the sixth and seventh causes of action, which allege unjust enrichment, were sufficiently pleaded since they allege that Wiesel was enriched at the expense of the plaintiff and A & Z, and that it was against equity and good conscience to permit Wiesel to retain what was sought to be recovered (see Canzona v Atanasio, 118 AD3d at 843).
Moreover, affording the amended complaint a liberal construction, accepting the facts alleged therein to be true, and granting the plaintiff the benefit of every possible favorable inference, the fourth and fifth causes of action, alleging that Wiesel breached the fiduciary duty she owed to the plaintiff and A & Z, also were sufficiently pleaded. The elements of a cause of action to recover damages for breach of fiduciary duty are the existence of a fiduciary relationship, misconduct by the defendant, and damages directly caused by the defendant's misconduct (see Armentano v Paraco Gas Corp., 90 AD3d 683, 684). "[A] fiduciary owes a duty of undivided and undiluted loyalty to those whose interests the fiduciary is to protect . . . barring not only blatant self-dealing, but also requiring avoidance of situations in which a fiduciary's personal interest possibly conflicts with the interest of those owed a fiduciary duty" (Birnbaum v Birnbaum, 73 NY2d 461, 466 [citations omitted]). Here, the plaintiff has alleged that Wiesel is the sole manager of A & Z—which, if true, would impose a fiduciary duty on Wiesel arising out of her position as the sole manager of A & Z (see Out of Box Promotions, LLC v Koschitzki, 55 AD3d 575, 578). The amended complaint sufficiently alleges that Wiesel is in a fiduciary relationship with the plaintiff, arising out of both her position as sole manager of A & Z and her familial relationship with the plaintiff (see Braddock v Braddock, 60 AD3d 84, 86; see generally Venizelos v Oceania Mar. Agency, 268 AD2d 291, 291). According to the complaint, Wiesel violated her fiduciary duty to protect the interests of both the plaintiff and A & Z by self-dealing when she personally accepted monies and assets from R & Z Metal Recycling to which the plaintiff and A & Z were legally entitled (see Birnbaum v Birnbaum, 73 NY2d at 465-466) to the financial detriment of the plaintiff and A & Z.
The first cause of action, which seeks an accounting, also sufficiently states a cause of action against Wiesel. A cause of action for accounting requires "the existence of a confidential or fiduciary relationship and a breach of the duty imposed by that relationship respecting property in which the party seeking the accounting has an interest" (Palazzo v Palazzo, 121 AD2d 261, 265). Accepting the allegations in the amended complaint as true, and according the plaintiff the benefit of every possible favorable inference (see Leon v Martinez, 84 NY2d 83, 87-88), the amended complaint contains allegations which support the plaintiff's entitlement to an accounting from Wiesel in connection with Wiesel's breach of her fiduciary obligations to the plaintiff and A & Z (see Darlagiannis v Darlagiannis, 48 AD2d 875).
The Supreme Court also should have granted the plaintiff's motion for leave to file a second amended complaint. CPLR 3025(b) provides that leave to amend a pleading should be freely given upon such terms as are just, provided that the proposed amendment does not prejudice or surprise the opposing party, and is not palpably insufficient or patently devoid of merit (see Vidal [*3]v Claremont 99 Wall, LLC, 124 AD3d 767, 767-768). In this case, since most of the causes of actions in the proposed second amended complaint are essentially identical to the causes of actions alleged in the amended complaint, for the reasons set forth above, the causes of action are neither palpably insufficient nor patently devoid of merit. Moreover, Wiesel has not argued that the new allegations in the second amended complaint either prejudiced or surprised her. To the extent that the second amended complaint includes new allegations, the new causes of actions, which allege that monies, assets, payments and/or profits to which the plaintiff and A & Z are entitled were withheld or diverted to their detriment, also are sufficiently pleaded (see Petrone v Davidoff Hutcher & Citron, LLP, 150 AD3d 776, 777; see generally Soldano v Soldano, 66 AD2d 839, 842).
In light of our determination, we need not reach the plaintiff's remaining contention.
Accordingly, the Supreme Court should have denied Wiesel's motion pursuant to CPLR 3211(a) to dismiss the first and fourth through seventh causes of action in the amended complaint asserted against her and granted the plaintiff's cross motion for leave to file a second amended complaint.
BALKIN, J.P., DUFFY, LASALLE and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court