City of Long Beach v Agostisi (2023 NY Slip Op 05710)

City of Long Beach v Agostisi

2023 NY Slip Op 05710

Decided on November 15, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 15, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ANGELA G. IANNACCI
LINDA CHRISTOPHER
HELEN VOUTSINAS, JJ.

2021-05796
 (Index No. 2684/20)

[*1]City of Long Beach, respondent, 
v
Robert Agostisi, appellant.

Leeds Brown Law, P.C., Carle Place, NY (Rick Ostrove and Brandon Okano of counsel), for appellant.
Ingerman Smith LLP, Hauppauge, NY (John H. Gross of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of fiduciary duty, the defendant appeals from an order of the Supreme Court, Suffolk County (Joseph A. Santorelli, J.), dated July 26, 2021. The order, insofar as appealed from, denied the defendant's motion pursuant to CPLR 3211(a) to dismiss the complaint.
ORDERED that the order is modified, on the law, by deleting the provisions thereof denying those branches of the defendant's motion which were pursuant to CPLR 3211(a) to dismiss the second, third, fourth, fifth, eighth, and ninth causes of action in the complaint, and substituting therefor provisions granting those branches of the motion; as so modified, the order is affirmed insofar as appealed from, with costs to the defendant.
In July 2020, the plaintiff commenced this action, asserting, inter alia, causes of action sounding in fraud, breach of fiduciary duty, and conversion. The plaintiff alleged, among other things, that the defendant took advantage of the plaintiff through the defendant's position of trust and authority as the former Corporation Counsel and Acting City Manager for the plaintiff, and misappropriated funds for his own benefit by contracting for and accepting improper payments. The defendant moved, inter alia, pursuant to CPLR 3211(a)(1) and (7) to dismiss the complaint. In an order dated July 26, 2021, the Supreme Court denied the motion. The defendant appeals.
Contrary to the defendant's contention, the Supreme Court properly denied the defendant's motion insofar as it sought dismissal of the complaint pursuant to CPLR 3211(a)(1). A motion pursuant to CPLR 3211(a)(1) to dismiss a cause of action on the ground that the cause of action is barred by documentary evidence may be granted only "where the documentary evidence utterly refutes plaintiff's factual allegations, conclusively establishing a defense as a matter of law" (Goshen v Mut. Life Ins. Co. of N.Y., 98 NY2d 314, 326). "[T]o be considered 'documentary,' evidence must be unambiguous and of undisputed authenticity" (Fontanetta v John Doe 1, 73 AD3d 78, 86). "[J]udicial records, as well as documents reflecting out-of-court transactions such as mortgages, deeds, contracts, and any other papers, the contents of which are essentially undeniable, would qualify as documentary evidence in the proper case" (Fontanetta v John Doe 1, 73 AD3d at 84-85 [internal quotation marks omitted]). Here, to the extent that the exhibits submitted by the defendant qualified as documentary evidence, such evidence did not utterly refute the plaintiff's [*2]factual allegations in support of the causes of action in the complaint (see Goshen v Mut. Life Ins. Co. of N.Y., 98 NY2d 314, 326).
However, the Supreme Court should have granted those branches of the defendant's motion which were pursuant to CPLR 3211(a)(7) to dismiss the second, third, fourth, fifth, eighth, and ninth causes of action. "In considering a motion pursuant to CPLR 3211(a)(7) to dismiss a complaint for failure to state a cause of action, the court must afford the pleading a liberal construction, accept the facts as alleged in the pleading as true, [and] accord the plaintiff the benefit of every possible favorable inference" (Langley v Melville Fire Dist., 213 AD3d 748, 750; see Leon v Martinez, 84 NY2d 83, 87).
A cause of action to recover damages for breach of fiduciary duty must be pleaded with the requisite particularity under CPLR 3016(b), and "must allege: (1) the existence of a fiduciary relationship, (2) misconduct by the defendant, and (3) damages directly caused by the defendant's misconduct" (DeMartino v Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara & Wolf, LLP, 189 AD3d 774, 775 [internal quotation marks omitted]; see Berkovits v Berkovits, 190 AD3d 911, 916). "A fiduciary relationship arises between two persons when one of them is under a duty to act for or to give advice for the benefit of another upon matters within the scope of the relation" (Eurycleia Partners, LP v Seward & Kissel, LLP, 12 NY3d 553, 561 [internal quotation marks omitted]). "[A] fiduciary owes a duty of undivided and undiluted loyalty to those whose interests the fiduciary is to protect . . . barring not only blatant self-dealing, but also requiring avoidance of situations in which a fiduciary's personal interest possibly conflicts with the interest of those owed a fiduciary duty" (Birnbaum v Birnbaum, 73 NY2d 461, 466; see Greenberg v Wiesel, 186 AD3d 1336, 1338). Here, accepting the facts as alleged in the complaint as true and according the plaintiff the benefit of every possible favorable inference, the plaintiff sufficiently pleaded the first cause of action alleging breach of fiduciary duty related to the separation payments made by the plaintiff (see Berkovits v Berkovits, 190 AD3d at 916; Greenberg v Wiesel, 186 AD3d at 1338).
"The elements of a cause of action for fraud require a material misrepresentation of a fact, knowledge of its falsity, an intent to induce reliance, justifiable reliance by the plaintiff and damages" (Eurycleia Partners, LP v Seward & Kissel, LLP, 12 NY3d at 559; see Ross v Louise Wise Servs., Inc., 8 NY3d 478, 488). Where a fraud cause of action is based on an omission or concealment of material fact, the plaintiff must also allege that the defendant had a duty to disclose material information and failed to do so (see Schwatka v Super Millwork, Inc., 106 AD3d 897, 900; High Tides, LLC v DeMichele, 88 AD3d 954, 957). "The elements of a cause of action to recover for constructive fraud are the same as those to recover for actual fraud with the crucial exception that the element of scienter upon the part of the defendant, his [or her] knowledge of the falsity of his representation, is dropped . . . and is replaced by a requirement that the plaintiff prove the existence of a fiduciary or confidential relationship warranting the trusting party to repose his [or her] confidence in the defendant and therefore to relax the care and vigilance he [or she] would ordinarily exercise in the circumstances" (Levin v Kitsis, 82 AD3d 1051, 1054 [internal quotation marks omitted]). A cause of action sounding in fraud must be pleaded with the requisite particularity under CPLR 3016(b) (see Eurycleia Partners, LP v Seward & Kissel, LLP, 12 NY3d at 559). "CPLR 3016(b) is satisfied when the facts suffice to permit a reasonable inference of the alleged misconduct" (Eurycleia Partners, LP v Seward & Kissel, LLP, 12 NY3d at 559 [internal quotation marks omitted]). Here, the allegations in the complaint, coupled with the surrounding circumstances, do not give rise to a reasonable inference that the defendant committed fraud, conspiracy to commit fraud, or constructive fraud (see Eurycleia Partners, LP v Seward & Kissel, LLP, 12 NY3d at 560-561; see also McSpedon v Levine, 158 AD3d 618, 621). Contrary to the plaintiff's contention, the affidavit submitted in opposition to the defendant's motion did not remedy the defects in the complaint (see Asamblea De Iglesias Christianas, Inc. v DeVito, 210 AD3d 843, 845). Thus, the Supreme Court should have granted those branches of the defendant's motion which were to dismiss the second, third, and fourth causes of action alleging fraud, conspiracy to commit fraud, and constructive fraud, respectively.
With respect to the fifth cause of action alleging conversion, the plaintiff failed to allege "legal ownership or an immediate right of possession to specifically identifiable funds and that [*3]the defendant exercised an unauthorized dominion over such funds to the exclusion of the plaintiff's rights" (DeMartino v Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara & Wolf, LLP, 189 AD3d at 776 [internal quotation marks omitted]; see Barker v Amorini, 121 AD3d 823, 825), and thus, the Supreme Court should have granted dismissal of this cause of action (see Barker v Amorini, 121 AD3d 823, 825).
With respect to the sixth cause of action sounding in unjust enrichment, here, the plaintiff's allegations, in effect, that the defendant was wrongfully enriched by funds that were transferred to him pursuant to illegal agreements executed between the defendant and the City Manager, and that, under the circumstances, it would be against equity and good conscience to permit the defendant to retain such funds, were adequate to state a cause of action sounding in unjust enrichment (see Mandarin Trading Ltd. v Wildenstein, 16 NY3d 173, 182).
With respect to the seventh cause of action for money had and received, the plaintiff's allegations, in effect, that money was transferred to the defendant pursuant to illegal agreements, that such money rightfully belonged to the plaintiff, and that it would be against equity and good conscience to permit the defendant to retain such money, adequately stated a cause of action to recover damages for money had and received (see Lebovits v Bassman, 120 AD3d 1198, 1199).
With respect to the eighth cause of action, the complaint did not sufficiently set forth a cause of action to impose a constructive trust, since the plaintiff did not adequately allege that it made a transfer in reliance upon an express promise made by the defendant, or allege circumstances from which a promise made by the defendant could be implied (see generally Sharp v Kosmalski, 40 NY2d 119, 123; Dee v Rakower, 112 AD3d 204, 213).
With respect to the ninth cause of action, the plaintiff's allegations do not state a cognizable cause of action against the defendant for an accounting, since there is no allegation that the defendant possessed any relevant documentary proof that the plaintiff itself did not possess (see Roslyn Union Free School Dist. v Barkan, 16 NY3d 643, 653).
Therefore, the Supreme Court should have granted those branches of the defendant's motion which were pursuant to CPLR 3211(a)(7) to dismiss the second, third, fourth, fifth, eighth, and ninth causes of action.
DUFFY, J.P., IANNACCI, CHRISTOPHER and VOUTSINAS, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court