Canzona v Atanasio

2026 NY Slip Op 02243

April 15, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Christopher Canzona, respondent,

v

Charles Atanasio, et al., appellants.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on April 15, 2026

2021-03873, (Index No. 22425/11)

Betsy Barros, J.P.

Barry E. Warhit

Carl J. Landicino

Laurence L. Love, JJ.

Morvillo Abramowitz Grand Iason & Anello P.C., New York, NY (Robert J. Anello and Christopher B. Harwood of counsel), for appellants.

Andrew Lavoott Bluestone, New York, NY, for respondent.

[*1]

DECISION & ORDER

In an action, inter alia, to recover damages for unjust enrichment, the defendants appeal from an order of the Supreme Court, Suffolk County (James Hudson, J.), dated April 7, 2021. The order, insofar as appealed from, denied those branches of the defendants' motion which were for summary judgment on their counterclaims alleging unjust enrichment, money had and received, and conversion.

ORDERED that the order is affirmed insofar as appealed from, with costs.

In 2011, the plaintiff commenced this action against the defendants, Charles Atanasio (hereinafter Charles), the plaintiff's former brother-in-law, and Mary Atanasio, to recover monies allegedly owed to him for expenses related to a boat jointly owned by the plaintiff and the defendants and a beach house previously jointly owned by the plaintiff and the defendants. The defendants interposed an answer asserting counterclaims alleging, inter alia, unjust enrichment, money had and received, and conversion. In an order dated April 3, 2018, the Supreme Court granted the defendants' motion to dismiss the complaint as a sanction for the plaintiff's false deposition testimony and litigation misconduct. Thereafter, the defendants moved, among other things, for summary judgment on their counterclaims alleging unjust enrichment, money had and received, and conversion. In an order dated April 7, 2021, the court, inter alia, denied those branches of the defendants' motion. The defendants appeal.

"'To establish an unjust enrichment cause of action, a plaintiff must allege that (1) the other party was enriched, (2) at that party's expense, and (3) it is against equity and good conscience to permit the other party to retain what is sought to be recovered'" (Clarke v Clarke, 237 AD3d 1039, 1041, quoting Dee v Rakower, 112 AD3d 204, 213; see Auquilla v Villa, 240 AD3d 48, 56-57). "The essential elements of a cause of action for money had and received are (1) the defendant received money belonging to the plaintiff, (2) the defendant benefitted from receipt of the money, and (3) under principles of equity and good conscience, the defendant should not be permitted to keep the money" (B & H Flooring, LLC v Folger, 228 AD3d 809, 813 [internal quotation marks omitted]).

Here, the defendants failed to establish their prima facie entitlement to judgment as [*2]a matter of law on their counterclaims alleging unjust enrichment and money had and received, which were premised on Charles's assertion that the plaintiff extorted $500,000 from him. In support of their motion, the defendants submitted photocopies of checks from Charles to the plaintiff totaling $500,000 and an affidavit from Charles alleging that the plaintiff extorted the money from him. However, the defendants submitted no other evidence supporting their extortion claim. Viewing the evidence in the light most favorable to the plaintiff, the defendants' submissions failed to establish that any extortion had occurred and that the plaintiff was thus enriched at the defendants' expense such that it would be against equity and good conscience to permit the plaintiff to retain what was sought to be recovered.

The defendants also failed to establish their prima facie entitlement to judgment as a matter of law on their counterclaim for conversion, alleging that the plaintiff misappropriated funds intended for loan payments and failed to repay his half of a loan with respect to a shared asset.

"To establish a cause of action to recover damages for conversion, a plaintiff must show legal ownership or an immediate superior right of possession to a specific identifiable thing and must show that the defendant exercised an unauthorized dominion over the thing in question to the exclusion of the plaintiff's rights" (MISF, LLC v Sohayegh, 239 AD3d 732, 733 [internal quotation marks omitted]; see Amid v Del Col, 223 AD3d 698, 700). "Moreover, the mere right to payment cannot be the basis for a cause of action alleging conversion since the essence of a conversion cause of action is the unauthorized dominion over the thing in question" (Barker v Amorini, 121 AD3d 823, 825 [internal quotation marks omitted]; see City of Long Beach v Agostisi, 221 AD3d 776, 779). Here, the defendants asserted that the plaintiff misappropriated funds they sent to the plaintiff to make payments on the boat loan. However, in support of their motion, the defendants submitted an affidavit in which Charles admitted to transferring the money to the plaintiff, as well as receipts demonstrating that the defendants had authorized the payments. The defendants thus failed to establish that the plaintiff had "unauthorized dominion" over the funds (MISF, LLC v Sohayegh, 239 AD3d at 733 [internal quotation marks omitted]).

Accordingly, the Supreme Court properly denied those branches of the defendants' motion which were for summary judgment on their counterclaims alleging unjust enrichment, money had and received, and conversion without regard to the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).

BARROS, J.P., WARHIT, LANDICINO and LOVE, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court