■ MADELYN BARKER, Appellant, v FEDERICO A. AMORINI et al., Respondents. [995 NYS2d 88]—

In an action, inter alia, to recover damages for legal malpractice and conversion, the plaintiff appeals from so much of an order of the Supreme Court, Nassau County (J. Murphy, J.), entered July 24, 2013, as, upon renewal, granted those branches of the defendants' motion which were pursuant to CPLR 3211 (a) to dismiss the first and second causes of action, which alleged legal malpractice and conversion, respectively.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff, a member of a limited liability company named Attorney Street Gardens, LLC (hereinafter the LLC), commenced this action against the attorneys who represented the LLC in connection with the sale of certain of the LLC's assets. The plaintiff alleged, inter alia, causes of action to recover dam-

ages for legal malpractice and conversion. The cause of action alleging legal malpractice was asserted in both her individual capacity, and derivatively on behalf of the LLC.

The defendants, among other things, moved pursuant to CPLR 3211 (a) (1) and (7) to dismiss the causes of action alleging conversion and legal malpractice. The Supreme Court, upon renewal, inter alia, granted those branches of the defendants' motion, concluding that the plaintiff was judicially estopped from asserting the cause of action alleging conversion and that, in any event, she failed to state a cause of action in that regard. The court also directed the dismissal of the cause of action alleging legal malpractice for failure to state a cause of action.

"On a pre-answer motion to dismiss pursuant to CPLR 3211, the pleading is to be afforded a liberal construction and the plaintiff's allegations are accepted as true and accorded the benefit of every possible favorable inference" (*Granada Condominium III Assn. v Palomino*, 78 AD3d 996, 996 [2010]; *see Leon v Martinez*, 84 NY2d 83, 87 [1994]). However, on a motion to dismiss pursuant to CPLR 3211 (a) (7), "bare legal conclusions are not presumed to be true" (*Khan v MMCA Lease, Ltd.*, 100 AD3d 833, 833 [2012]; *see Goel v Ramachandran*, 111 AD3d 783, 791-792 [2013]). To prevail on a motion to dismiss a complaint pursuant to CPLR 3211 (a) (1), the documentary evidence which forms the basis of the defense must be such that it resolves all factual issues as a matter of law, and conclusively disposes of the plaintiff's claim (*see Goshen v Mutual Life Ins. Co. of N.Y.*, 98 NY2d 314, 326 [2002]; *Parekh v Cain*, 96 AD3d 812, 815 [2012]).

"Under the doctrine of judicial estoppel or inconsistent positions, a party who assumes a certain position in a prior legal proceeding and secures a favorable judgment therein is precluded from assuming a contrary position in another action simply because his or her interests have changed" (*GECMC 2007-C1 Burnett St., LLC v Hoti Enters., L.P.*, 115 AD3d 642, 643 [2014]; *see Kimco of N.Y. v Devon*, 163 AD2d 573, 574-575 [1990]). "The doctrine rests upon the principle that a litigant 'should not be permitted . . . to lead a court to find a fact one way and then contend in another judicial proceeding that the same fact should be found otherwise' " (*Environmental Concern v Larchwood Constr. Corp.*, 101 AD2d 591, 593 [1984], quoting Note, *The Doctrine of Preclusion against Inconsistent Positions in Judicial Proceedings*, 59 Harv L Rev 1132 [1946]; *see Ford Motor Credit Co. v Colonial Funding Corp.*, 215 AD2d 435, 436 [1995]).

Here, the Supreme Court erred in, in effect, applying the doc-

trine of judicial estoppel as a ground for directing the dismissal of the second cause of action, which alleged conversion. The plaintiff's allegations in a prior action entitled *Barker v Hussain*, commenced in the Supreme Court, Nassau County, under index No. 6382/11, were neither sufficiently definite nor so clearly inconsistent with her current position in this action so as to warrant the application of the doctrine of judicial estoppel against her (*see Matter of Edson v Southold Town Zoning Bd. of Appeals*, 102 AD3d 687, 688 [2013]; *Private Capital Group, LLC v Hosseinipour*, 86 AD3d 554, 556 [2011]; *Tobias v Liberty Mut. Fire Ins. Co.*, 78 AD3d 928, 929 [2010]).

However, the Supreme Court correctly directed the dismissal of the second cause of action on the alternative ground that the allegations in the complaint were inadequate to state a cause of action to recover damages for conversion (*see* CPLR 3211 [a] [7]). A cause of action alleging conversion should be dismissed when the plaintiff does not allege "legal ownership or an immediate right of possession to specifically identifiable funds and that the defendant exercised an unauthorized dominion over such funds to the exclusion of the plaintiff's rights" (*Whitman Realty Group, Inc. v Galano*, 41 AD3d 590, 592 [2007]; *see Daub v Future Tech Enter., Inc.*, 65 AD3d 1004, 1006 [2009]). "Moreover, the mere right to payment cannot be the basis for a cause of action alleging conversion since the essence of a conversion cause of action is the 'unauthorized dominion over the thing in question' " (*Daub v Future Tech Enter., Inc.*, 65 AD3d at 1006, quoting *Fiorenti v Central Emergency Physicians*, 305 AD2d 453, 454-455 [2003]). In other words, "[t]angible personal property or *specific money* must be involved" (*Independence Discount Corp. v Bressner*, 47 AD2d 756, 757 [1975]).

Here, affording the complaint a liberal construction, accepting all facts as alleged in the complaint to be true, and according the plaintiff the benefit of every possible favorable inference (*see Leon v Martinez*, 84 NY2d at 87-88), the complaint was insufficient to state a cause of action alleging conversion (*see Daub v Future Tech Enter., Inc.*, 65 AD3d at 1006; *Selinger Enters., Inc. v Cassuto*, 50 AD3d 766, 767 [2008]; *Castaldi v 39 Winfield Assoc.*, 30 AD3d 458, 458-459 [2006]). Accordingly, the Supreme Court, upon renewal, properly granted that branch of the defendants' motion which was to dismiss the second cause of action, which alleged conversion (*see* CPLR 3211 [a] [7]).

The Supreme Court also properly directed the dismissal of the cause of action alleging legal malpractice. To recover damages in a legal malpractice action, a plaintiff must establish "that the attorney 'failed to exercise the ordinary reasonable

skill and knowledge commonly possessed by a member of the legal profession' and that the attorney's breach of this duty proximately caused plaintiff to sustain actual and ascertainable damages" (*Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer*, 8 NY3d 438, 442 [2007], quoting *McCoy v Feinman*, 99 NY2d 295, 301 [2002]; *see Benishai v Epstein*, 116 AD3d 726, 727 [2014]). "To establish causation, a plaintiff must show that he or she would have prevailed in the underlying action or would not have incurred any damages, but for the lawyer's negligence" (*Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer*, 8 NY3d at 442; *see Benishai v Epstein*, 116 AD3d at 727).

Here, affording the complaint a liberal construction, accepting all facts as alleged in the complaint to be true, and according the plaintiff the benefit of every possible favorable inference (*see Leon v Martinez*, 84 NY2d at 87-88), the complaint was insufficient to state a cause of action alleging legal malpractice. The plaintiff failed to specifically allege facts supporting a claim that, but for the defendants' alleged negligence, the plaintiff would not have incurred any damages (*see Benishai v Epstein*, 116 AD3d at 728; *Keness v Feldman, Kramer & Monaco, P.C.*, 105 AD3d 812 [2013]; *Tortura v Sullivan Papain Block Mc-Grath & Cannavo, P.C.*, 21 AD3d 1082, 1083 [2005]). Accordingly, the Supreme Court, upon renewal, properly granted that branch of the defendants' motion which was to dismiss the cause of action alleging legal malpractice, which was asserted by the plaintiff both in her individual capacity and derivatively on behalf of the LLC.

In light of the foregoing, we need not reach the parties' remaining contentions. Rivera, J.P., Hall, Miller and Duffy, JJ., concur.