Ghatani v AGH Realty, LLC (2020 NY Slip Op 02067)





Ghatani v AGH Realty, LLC


2020 NY Slip Op 02067


Decided on March 25, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 25, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
SHERI S. ROMAN
JEFFREY A. COHEN
VALERIE BRATHWAITE NELSON, JJ.


2017-04384
 (Index No. 4774/10)

[*1]Jahanshir Martin Ghatani, etc., respondent-appellant,
v
AGH Realty, LLC, et al., defendants, Khosrow Hakimian, appellant-respondent.


Law Offices of Harry C. Demiris, Jr., P.C., Westbury, NY, for appellant-respondent.
Hogan & Cassell, LLP, Jericho, NY (Michael Cassell of counsel), for respondent-appellant.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of a joint venture agreement, the defendant Khosrow Hakimian appeals, and the plaintiff cross-appeals, from an interlocutory judgment of the Supreme Court, Nassau County (Stephen A. Bucaria, J.), entered March 6, 2017. The interlocutory judgment, upon an order of the same court dated December 2, 2013, declared that the plaintiff has a 58% interest and the defendant Khosrow Hakimian has a 42% interest in the defendant AGH Realty, LLC, and denied the relief sought in the causes of action in the complaint which were for dissolution of the defendant AGH Realty, LLC, and an accounting.
ORDERED that the appeal by the defendant Khosrow Hakimian is dismissed; and it is further
ORDERED that the interlocutory judgment is reversed on the cross appeal by the plaintiff, on the law, and the matter is remitted to the Supreme Court, Nassau County, for further proceedings consistent herewith; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
The defendant Khosrow Hakimian (hereinafter Hakimian), the plaintiff, Jahanshir Martin Ghatani (hereinafter Ghatani), and defendant Bahman Aziz (hereinafter Aziz), entered into a joint venture agreement pursuant to which they each held a one-third interest in the defendant AGH Realty, LLC (hereinafter AGH). Ghatani, individually and on behalf of AGH, commenced this action against Aziz, Hakimian, and AGH, inter alia, to recover damages for breach of the joint venture agreement and breach of fiduciary duties, dissolution of AGH, and an accounting. Ghatani did not seek a judgment declaring his interest in AGH.
While this action was pending, Aziz filed for Chapter 7 bankruptcy in the United States Bankruptcy Court for the Eastern District of New York (hereinafter the Bankruptcy Court). The trustee in that proceeding moved for an order, inter alia, approving the sale of Aziz's right, title, and interest in AGH. Ghatani filed an objection in the bankruptcy proceeding which asserted that Aziz held only a 16% interest in AGH given his pro-rata capital contributions to AGH in relation [*2]to those of Ghatani and Hakimian. By order dated September 14, 2011, the Bankruptcy Court denied Ghatani's objection and approved the sale of Aziz's interest in AGH to Ghatani pursuant to an asset sale and purchase agreement.
Hakimian then moved in this action for a judgment declaring that he was a 50% owner of AGH, and that Ghatani violated the parties' agreement by unilaterally purchasing Aziz's interest. By order dated December 2, 2013, the Supreme Court, upon reargument, determined that, although the parties did not ask for declaratory relief in their pleadings as to the extent of each party's interest in AGH, declaratory relief could be granted ancillary to the dissolution of AGH pursuant to Ghatani's cause of action for dissolution. The court further determined that if Ghatani were held to his representation in the Bankruptcy Court, he held a 58% interest in AGH, and Hakimian held a 42% in AGH, but Ghatani's interest could be adjusted upward or downward if either Ghatani or Hakimian breached their respective duties to AGH. The court further determined that "[t]he parties' respective interests" in AGH "will be determined upon a date to be set by the court." Hakimian appealed from that order, but the appeal was dismissed by this Court for failure to assemble a proper record (see Ghatani v AGH Realty, LLC, 136 AD3d 744).
Thereafter, the Supreme Court, after off-the-record discussions, issued an interlocutory judgment entered March 6, 2017, which declared that Ghatani had a 58% interest and Hakimian had a 42% interest in AGH, and denied the relief sought in the causes of action in the complaint which were for dissolution of AGH and an accounting.
The issues raised on Hakimian's appeal are the same as those that were raised on Hakimian's prior appeal from the order dated December 2, 2013. Since that appeal was dismissed for failure to properly perfect the appeal based upon a proper record (see Ghatani v AGH Realty, LLC, 136 AD3d 744), the instant appeal by Hakimian is subject to dismissal by this Court, and we choose to exercise that discretion to dismiss the appeal (see CPLR 5501[a][1]; Rubeo v National Grange Mut. Ins. Co., 93 NY2d 750; Bray v Cox, 38 NY2d 350).
On the cross appeal, we disagree with the Supreme Court's determination that Ghatani holds a 58% interest in AGH based solely upon the position taken by him in the bankruptcy proceeding. The doctrine of judicial estoppel, or estoppel against inconsistent positions, precludes a party who assumed a position in one legal proceeding and prevailed in maintaining that position from assuming a contrary position in another proceeding simply because the party's interests have changed (see Davis v Citibank, N.A., 116 AD3d 819, 820; Kilcer v Niagara Mohawk Power Corp., 86 AD3d 682, 683). For the doctrine to apply, there must be a final determination endorsing the party's inconsistent position in the prior proceeding (see Moran Enters., Inc. v Hurst, 160 AD3d 638, 640). Here, there has been no judicial determination, final or otherwise, endorsing Ghatani's position in the Bankruptcy Court regarding Aziz's interest in relation to the interests of the other shareholders.
As noted in the order dated December 2, 2013, the parties' respective interests in AGH have yet to be determined. Ghatani's causes of action to recover damages for breach of the joint venture agreement and breach of fiduciary duties, remain pending and undecided.
Further, the Supreme Court denied dissolution of AGH and denied an accounting, without setting forth reasons for those determinations, and despite its prior finding in the order dated December 2, 2013, that declaratory relief as to each party's interest in AGH was ancillary to the dissolution of AGH. In view of the foregoing, we reverse the interlocutory judgment, and remit the matter to the Supreme Court, Nassau County, for further proceedings with respect to Ghatani's demands for relief.
LEVENTHAL, J.P., ROMAN, COHEN and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court