H & R Block Bank v Page (2021 NY Slip Op 06161)





H & R Block Bank v Page


2021 NY Slip Op 06161


Decided on November 10, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 10, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI
WILLIAM G. FORD, JJ.


2018-03025
 (Index No. 12133/10)

[*1]H & R Block Bank, respondent,
v
Randy Page, et al., defendants, Lance Feurtado, etc., appellant.


Stewart Law Firm, PLLC, Rosedale, NY (Nadira S. Stewart and Marina V. Moreno of counsel), for appellant.
Borchert & LaSpina, P.C., Whitestone, NY (Helmut Borchert and Edward A. Vincent of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Lance Feurtado, on behalf of Anthony Feurtado, appeals from an order of the Supreme Court, Queens County (Rudolph E. Greco, Jr., J.), entered January 5, 2018. The order, insofar as appealed from, granted the plaintiff's motion for summary judgment dismissing the answer, affirmative defenses, and counterclaims of the defendant Lance Feurtado, on behalf of Anthony Feurtado, denied that branch of the motion of the defendant Lance Feurtado, on behalf of Anthony Feurtado, which was to consolidate this action with an action titled Feurtado v Page, pending in the Supreme Court, Queens County, under Index No. 29108/06, and denied that branch of the cross motion of the defendant Lance Feurtado, on behalf of Anthony Feurtado, which was for summary judgment, in effect, dismissing the complaint insofar as asserted against him and on his counterclaims.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In 1985, Anthony Feurtado (hereinafter Anthony) acquired certain real property in Queens. On December 31, 1996, a deed transferring the subject property from Anthony to Calvary Healing Deliverance & Evangelistic Miracle Temple, Inc. (hereinafter Calvary), allegedly was executed (hereinafter the 1996 deed). Anthony's signature on the deed was notarized, and the deed was recorded in May 1997. In September 2004, Calvary transferred its interest in the property to Fortunate Enterprises, Inc., which later transferred its interest in the property to the defendant Randy Page in November 2006. Page obtained a loan secured by a mortgage on the property.
In approximately December 2006, Lance Feurtado (hereinafter Lance) commenced an action on behalf of his brother Anthony in the Supreme Court, Queens County, under Index No. 29108/06, against, among others, Page and those in his chain of title, alleging that title to the subject property was fraudulently conveyed from Anthony, and seeking, among other things, to set aside the allegedly fraudulent deed (hereinafter the forgery action). The forgery action was stayed for reasons not relevant to this appeal.
In May 2010, the plaintiff commenced this action against, among others, Lance, on [*2]behalf of Anthony, and Page to foreclose the mortgage obtained by Page. In his answer to the complaint, Lance asserted affirmative defenses and counterclaims alleging that the mortgage was invalid because it is predicated upon a fraudulent deed.
The plaintiff moved for summary judgment dismissing Lance's answer, affirmative defenses, and counterclaims. The plaintiff argued that it was a bona fide encumbrancer and the allegedly forged deed was duly acknowledged by a licensed notary public and recorded more than 10 years earlier. The plaintiff further argued that Anthony should be judicially estopped from asserting a claim of ownership of the subject property because he had previously filed multiple statements in other courts attesting that he did not own any assets. In support of the motion, the plaintiff submitted evidence that Anthony was incarcerated in federal prison for more than 15 years for convictions relating to distribution of narcotics and money laundering, and that, while incarcerated, Anthony commenced numerous civil lawsuits in forma pauperis (see 28 USC § 1915) by attesting that he had no assets which could be used to prepay the fees or costs or give any security therefor.
Lance moved to consolidate this action with the forgery action. Lance also cross-moved, inter alia, for summary judgment, in effect, dismissing the foreclosure complaint insofar as asserted against him and on his counterclaims. In support of the cross motion and in opposition to the plaintiff's summary judgment motion, Lance submitted evidence that the 1996 deed allegedly was executed in a real estate office in New York, and that, at that time, Anthony was incarcerated in a federal prison in South Carolina, and Lance also was incarcerated in a federal prison.
In an order entered January 5, 2018, the Supreme Court granted the plaintiff's motion and denied Lance's motion and cross motion. Lance appeals.
"Judicial estoppel, or the doctrine of inconsistent positions, precludes a party who assumed a certain position in a prior legal proceeding and who secured a judgment in his or her favor from assuming a contrary position in another action simply because his or her interests have changed" (Ford Motor Credit Co. v Colonial Funding Corp., 215 AD2d 435, 436; see Moran Enters., Inc. v Hurst, 160 AD3d 638, 639). "The doctrine rests upon the principle that a litigant should not be permitted to lead a court to find a fact one way and then contend in another judicial proceeding that the same fact should be found otherwise. The policies underlying preclusion of inconsistent positions are general consideration[s] of the orderly administration of justice and regard for the dignity of judicial proceedings. In short, where a party assumes a certain position in a legal proceeding, and succeeds in maintaining that position, he may not thereafter, simply because his interests have changed, assume a contrary position" (Environmental Concern v Larchwood Constr. Corp., 101 AD2d 591, 593 [citations and internal quotation marks omitted]; see Bihn v Connelly, 162 AD3d 626, 628; Ford Motor Credit Co. v Colonial Funding Corp., 215 AD2d at 436).
Here, the plaintiff established that the doctrine of judicial estoppel applies by submitting evidence that in order to commence certain federal lawsuits in forma pauperis, Anthony attested that he had no assets, and that, based upon these representations, courts granted his in forma pauperis applications (see Flanders v E.W. Howell Co., LLC, 193 AD3d 822, 824; Bihn v Connelly, 162 AD3d at 627-628; Festinger v Edrich, 32 AD3d 412, 413). In opposition, Lance failed to raise a triable issue of fact. Accordingly, the Supreme Court properly granted the plaintiff's motion for summary judgment dismissing Lance's answer, affirmative defenses, and counterclaims, and denied Lance's motion and cross motion.
In light of our determination, we need not reach Lance's remaining contentions.
RIVERA, J.P., BRATHWAITE NELSON, IANNACCI and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court