Cruz v Bank of N.Y. Mellon (2023 NY Slip Op 03847)

Cruz v Bank of N.Y. Mellon

2023 NY Slip Op 03847

Decided on July 19, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 19, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
ANGELA G. IANNACCI
ROBERT J. MILLER
WILLIAM G. FORD, JJ.

2020-04074
 (Index No. 514383/19)

[*1]Luis R. Cruz, et al., appellants, 
v
Bank of New York Mellon, etc., et al., respondents.

Luis R. Cruz and Belkys N. Delacruz, Brooklyn, NY, appellants pro se.
Akerman LLP, New York, NY (Erica R. S. Goldman and Jordan M. Smith of counsel), for respondents.

DECISION & ORDER
In an action pursuant to RPAPL 1501(4) to cancel and discharge of record a mortgage, the plaintiffs appeal from an order of the Supreme Court, Kings County (Noach Dear, J.), dated February 20, 2020. The order granted the defendants' motion pursuant to CPLR 3211(a) to dismiss the complaint, and denied the plaintiffs' cross-motion for summary judgment on the complaint.
ORDERED that the order is affirmed, with costs.
In 2010, Bank of New York Mellon (hereinafter the Bank), commenced an action against Luis R. Cruz and Belkys N. Delacruz (hereinafter together the borrowers), among others, to foreclose a mortgage given by the borrowers on real property located in Brooklyn (hereinafter the 2010 action). In the 2010 action, the Bank moved, inter alia, for summary judgment on the complaint, and the borrowers moved, among other things, to dismiss the complaint insofar as asserted against them based upon lack of standing. In an order issued in 2014, the Supreme Court, inter alia, granted that branch of the borrowers' motion.
In 2019, the borrowers commenced the present action pursuant to RPAPL 1501(4) to cancel and discharge of record the mortgage on the ground that the statute of limitations within which to commence an action to foreclose the mortgage had expired. Specifically, the borrowers alleged that their mortgage debt was accelerated by the commencement of the 2010 action, such that the statute of limitations on the entire debt expired six years later, in 2016. The defendants moved pursuant to CPLR 3211(a) to dismiss the complaint, and the borrowers cross-moved for summary judgment on the complaint. By order dated February 20, 2020, the Supreme Court granted the defendants' motion and denied the borrowers' cross-motion. The borrowers appeal.
An action to foreclose a mortgage is subject to a six-year statute of limitations (see id. § 213[4]). "[E]ven if a mortgage is payable in installments, once a mortgage debt is accelerated, the entire amount is due and the Statute of Limitations begins to run on the entire debt" (EMC Mtge. Corp. v Patella, 279 AD2d 604, 605; see Mejias v Wells Fargo N.A., 186 AD3d 472, 474). While a mortgage debt can be accelerated through commencement of an action in which the plaintiff elects to call due the entire debt, the commencement of a foreclosure action by a party without standing does not operate to validly accelerate the debt, as such party "did not have the authority to accelerate the debt or to sue to foreclose at that time" (U.S. Bank N.A. v Gordon, 158 AD3d 832, 836; see [*2]Mejias v Wells Fargo N.A., 186 AD3d at 474). Thus, commencement of a foreclosure action by a party without standing does not operate to start the statute of limitations running on the entire debt (see U.S. Bank N.A. v Gordon, 158 AD3d at 836).
Here, the 2010 action was dismissed on the basis of the Bank's lack of standing. The borrowers argue that the statute of limitations nonetheless began to run with the commencement of that action because the 2014 order granting dismissal of the complaint for lack of standing was erroneous. However, as the defendants argue, "[t]he doctrine of judicial estoppel, or estoppel against inconsistent positions, precludes a party who assumed a position in one legal proceeding and prevailed in maintaining that position from assuming a contrary position in another proceeding simply because the party's interests have changed" (Ghatani v AGH Realty, LLC, 181 AD3d 909, 911; see Capital One, N.A. v Trubitsky, 206 AD3d 608, 610). "For the doctrine to apply, there must be a final determination endorsing the party's inconsistent position in the prior proceeding" (Ghatani v AGH Realty, LLC, 181 AD3d at 911).
Here, the borrowers moved, inter alia, to dismiss the complaint in the 2010 action arguing, among other things, that the Bank lacked standing, and the Supreme Court granted that branch of the motion on that basis. Accordingly, the borrowers are precluded from inconsistently asserting, in this action, that the Bank, in fact, had standing to commence the 2010 action, such that the commencement of that action started the statute of limitations running on the entire debt.
We therefore affirm the order granting the defendants' motion pursuant to CPLR 3211(a) to dismiss the complaint and denying the borrowers' cross-motion for summary judgment on the complaint.
CONNOLLY, J.P., IANNACCI, MILLER and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court