Wells Fargo Bank, N.A. v Temlyak (2023 NY Slip Op 05633)

Wells Fargo Bank, N.A. v Temlyak

2023 NY Slip Op 05633

Decided on November 8, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 8, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JOSEPH J. MALTESE
PAUL WOOTEN
BARRY E. WARHIT, JJ.

2021-00648 
2021-00649
 (Index No. 5878/09)

[*1]Wells Fargo Bank, N.A., respondent, 
v
Yuriy Temlyak, et al., defendants, Rami Laor, defendant- appellant; Pale Horse Realty, LLC, etc., nonparty- appellant.

Petroff Amshen LLP, Brooklyn, NY (Serge F. Petroff, James Tierney, and Steven Amshen of counsel), for defendant-appellant.
Locke Lord LLP, New York, NY (William D. Foley, Jr., and Shawn Brenhouse of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Rami Laor appeals, and nonparty Pale Horse Realty, LLC, as successor in interest to the defendant National City Bank, separately appeals, from two orders of the Supreme Court, Kings County (Mark I. Partnow, J.), both dated December 10, 2020. The orders, insofar as appealed from by the defendant Rami Laor, granted those branches of the plaintiff's motion which were to vacate an order of the same court (Sylvia G. Ash, J.) dated October 8, 2013, sua sponte, directing dismissal of the complaint pursuant to CPLR 3216 for failure to prosecute, and to restore the action to the active calendar. The appeals by nonparty Pale Horse Realty, LLC, as successor in interest to the defendant National City Bank, were deemed dismissed pursuant to 22 NYCRR 1250.10(a).
ORDERED that the orders dated December 10, 2020, are affirmed insofar as appealed from by the defendant Rami Laor, with one bill of costs payable by that defendant.
In June 2007, the defendant Yuriy Temlyak executed a note in the amount of $600,000 in favor of the plaintiff. The note was secured by a mortgage on certain real property located in Brooklyn. On March 11, 2009, the plaintiff commenced this action to foreclose the mortgage against, among others, Temlyak and the defendant Rami Laor. The plaintiff alleged that Laor had an interest in or lien upon the property. Laor failed to answer the complaint.
On January 21, 2010, the plaintiff moved, inter alia, for an order of reference. The plaintiff withdrew that motion on December 7, 2010. In an order dated May 21, 2013, the Supreme Court directed the plaintiff to move for an order of reference within 90 days "or this case shall be dismissed pursuant to CPLR 3215[c]." The court also scheduled the matter "for an additional status conference to be held on 10/8/2013 to ensure compliance with the foregoing."
In an order dated October 8, 2013, the Supreme Court, sua sponte, directed dismissal of the complaint pursuant to CPLR 3216 on the ground that the plaintiff had failed to comply with [*2]the order dated May 21, 2013.
In February 2015, the plaintiff commenced a second action to foreclose the mortgage against, among others, Laor (hereinafter the second foreclosure action). The second foreclosure action was discontinued by stipulation in May 2017.
In May 2018, the plaintiff commenced a third action to foreclose the mortgage against, among others, Laor (hereinafter the third foreclosure action). In an order dated May 1, 2019, the Supreme Court, inter alia, granted Laor's cross-motion to dismiss the complaint in the third foreclosure action insofar as asserted against him as time-barred.
In January 2020, the plaintiff moved in this action, inter alia, to vacate the order dated October 8, 2013, sua sponte, directing dismissal of the complaint pursuant to CPLR 3216, and to restore the action to the active calendar. In two orders, both dated December 10, 2020, the Supreme Court, among other things, granted those branches of the plaintiff's motion. Laor appeals.
The Supreme Court properly granted those branches of the plaintiff's motion which were to vacate the order dated October 8, 2013, and to restore this action to the active calendar. CPLR 3216(a) provides, in pertinent part, that "[w]here a party unreasonably neglects to proceed generally in an action or otherwise delays in the prosecution thereof against any party who may be liable to a separate judgment, or unreasonably fails to serve and file a note of issue, the court, on its own initiative or upon motion, with notice to the parties, may dismiss the party's pleading on terms." However, "[a] court may not dismiss an action based on neglect to prosecute unless the CPLR 3216 statutory preconditions to dismissal are met" (Delgado v New York City Hous. Auth., 21 AD3d 522, 522; see Bank of Am., N.A. v Ali, 202 AD3d 726, 727). One of those conditions is that issue must be joined (see CPLR 3216[b][1]). Here, the court was without power to direct dismissal of the complaint pursuant to CPLR 3216 since this precondition was not met. Laor did not serve an answer in this action, so issue had never been joined (see U.S. Bank N.A. v Bassett, 137 AD3d 1109, 1110).
Contrary to Laor's contention, the Supreme Court did not direct dismissal of the complaint pursuant to 22 NYCRR 202.27 (see Onewest Bank, FSB v Kaur, 172 AD3d 1392, 1393). Moreover, that provision does not apply, since nothing in the record establishes that the plaintiff did not appear or was not ready to proceed at the status conference scheduled for October 8, 2013 (see U.S. Bank N.A. v Bhagwandeen, 216 AD3d 700, 701-702).
Contrary to Laor's further contention, the plaintiff is not precluded, by the doctrine of judicial estoppel, from disputing the dismissal of the complaint in this action based on the plaintiff's commencement of the second foreclosure action and the third foreclosure action (see Deutsche Bank Natl. Trust Co. v Gambino, 181 AD3d 558, 560). Under the doctrine of judicial estoppel, a "party who assumes a certain position in a prior legal proceeding and secures a favorable judgment therein is precluded from assuming a contrary position in another action simply because his or her interests have changed" (Barker v Amorini, 121 AD3d 823, 824 [internal quotation marks omitted]; see Deutsche Bank Natl. Trust Co. v Gambino, 181 AD3d at 560). Here, the plaintiff did not obtain a favorable judgment in the second foreclosure action and the third foreclosure action (see Deutsche Bank Natl. Trust Co. v Gambino, 181 AD3d at 560).
Laor's remaining contentions are without merit.
Accordingly, the Supreme Court properly granted those branches of the plaintiff's motion which were to vacate the order dated October 8, 2013, and to restore this action to the active calendar.
DILLON, J.P., MALTESE, WOOTEN and WARHIT, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court