Deutsche Bank Natl. Trust Co. v Ellis (2024 NY Slip Op 01532)

Deutsche Bank Natl. Trust Co. v Ellis

2024 NY Slip Op 01532

Decided on March 20, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 20, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
CHERYL E. CHAMBERS
BARRY E. WARHIT
LAURENCE L. LOVE, JJ.

2022-02391
2022-02392
 (Index No. 2728/13)

[*1]Deutsche Bank National Trust Company, etc., respondent, 
v
Elvis Ellis, appellant, et al., defendants.

Michael Kennedy Karlson, New York, NY, for appellant.
Robertson Anschutz, Schneid, Crane & Partners, PLLC, Westbury, NY (Joseph F. Battista and Sean Howland of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Elvis Ellis appeals from two orders of the Supreme Court, Kings County (Mark I. Partnow, J.), both dated February 8, 2022. The orders, insofar as appealed from, granted those branches of the plaintiff's motion which were to vacate an order of the same court dated November 26, 2019, sua sponte, directing dismissal of the complaint, and to restore this action to the active calendar.
ORDERED that the orders dated February 8, 2022, are affirmed insofar as appealed from, with one bill of costs.
In February 2013, the plaintiff commenced the instant action to foreclose a mortgage against the defendant Elvis Ellis (hereinafter the defendant), among others. In November 2018, the defendant was granted leave to serve a late answer. In an order dated October 22, 2019, the Supreme Court directed the plaintiff to serve and file a note of issue by November 26, 2019. The order also stated "that failure to comply with the terms of this Order may be grounds for dismissal without prejudice." In an order dated November 26, 2019 (hereinafter the dismissal order), the court, sua sponte, directed dismissal of the complaint without prejudice based on the plaintiff's failure to file a note of issue.
On July 12, 2021, the plaintiff moved, inter alia, to vacate the dismissal order and to restore the action to the active calendar. In two orders, both dated February 8, 2022, the Supreme Court, among other things, granted those branches of the plaintiff's motion. The defendant appeals. We affirm.
"A court may not dismiss an action based on neglect to prosecute unless the CPLR 3216 statutory preconditions to dismissal are met" (Delgado v New York City Hous. Auth., 21 AD3d 522, 522; see Wells Fargo Bank, N.A. v Temlyak, 221 AD3d 750). Here, the Supreme Court was without power to direct dismissal of the complaint pursuant to CPLR 3216, as the court failed to serve a written demand upon the plaintiff to resume prosecution of the action and to serve and file a note of issue within 90 days of receipt of the demand (see id. § 3216[b][3]; Deutsche Bank Trust Co. Ams. v Gonzales, 215 AD3d 636, 637). Moreover, "[a] court's power to dismiss a complaint, [*2]sua sponte, is to be used sparingly and only when extraordinary circumstances exist to warrant dismissal" (Onewest Bank, FSB v Fernandez, 112 AD3d 681, 682 [internal quotation marks omitted]; see U.S. Bank N.A. v Bhagwandeen, 216 AD3d 700, 701). The plaintiff's failure to comply with the directive in the order dated October 22, 2019, was not a sufficient ground upon which to direct dismissal of the complaint (see U.S. Bank N.A. v Bhagwandeen, 216 AD3d at 701; Deutsche Bank Trust Co. Ams. v Gonzales, 215 AD3d at 637).
Accordingly, the Supreme Court properly granted those branches of the plaintiff's motion which were to vacate the dismissal order and to restore this action to the active calendar.
The defendant's contention that the dismissal order was proper pursuant to 22 NYCRR 202.27 is raised on appeal for the first time in his reply brief, and is not being considered as it is not properly before this Court (see Yasso v Town of Brookhaven, 219 AD3d 784, 787; Deutsche Bank Natl. Trust Co. v Smith, 211 AD3d 817, 819-820).
The defendant's remaining contentions need not be reached in light of our determination.
CONNOLLY, J.P., CHAMBERS, WARHIT and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court