Matter of Fakiris (2025 NY Slip Op 04007)

Matter of Fakiris

2025 NY Slip Op 04007

Decided on July 2, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 2, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
LINDA CHRISTOPHER
LARA J. GENOVESI
CARL J. LANDICINO, JJ.

2022-00702

[*1]In the Matter of the Estate of Pantelis Fakiris, etc., deceased. Donna Neubauer, et al., respondents; Marina Fakiris, appellant. (File No. 1946/13)

Gleich, Farkas & Emouna LLP, Great Neck, NY (Lara P. Emouna of counsel), for appellant.
Seltzer Sussman Heitner LLP, Jericho, NY (Brian R. Heitner of counsel), for respondents.

DECISION & ORDER
In a proceeding in which the co-executors, Donna Fakiris and Donna Neubauer, petitioned to judicially settle their final account of the estate of Pantelis Fakiris, the objectant, Marina Fakiris, appeals from a decree of the Surrogate's Court, Queens County (Peter J. Kelly, S.), dated January 12, 2022. The decree, upon an order of the same court dated December 11, 2020, inter alia, granting that branch of the motion of Donna Fakiris which was for construction of the decedent's will resulting in the entirety of the residuary estate passing to her and, thereupon, for summary judgment dismissing the amended objections to the final account and judicially settling the final account, and denying that branch of the objectant's cross-motion which was for construction of the decedent's will resulting in her being the sole residuary beneficiary, dismissed the amended objections to the final account and judicially settled the final account.
ORDERED that the decree is affirmed, with costs.
The decedent, Pantelis Fakiris, died in 2013. He was survived by his spouse, Donna Fakiris, and his daughter, Marina Fakiris (hereinafter the objectant), among others.
Following the decedent's death, his will was admitted to probate. Thereafter, Donna Fakiris and Donna Neubauer (hereinafter together the co-executors) petitioned to judicially settle their final account. The objectant filed amended objections to the final account, objecting, inter alia, to the co-executors' designation of Donna Fakiris as the residuary beneficiary of the decedent's estate and of the objectant as the successor residuary beneficiary. The amended objections were based on the fact that the probate petition that the co-executors had verified and previously submitted to the Surrogate's Court described the objectant's interest as residual beneficiary.
Donna Fakiris moved for construction of the will resulting in the entirety of the residuary estate passing to her, with no part of the residuary estate passing to the objectant. Based upon such determination, Donna Fakiris sought summary judgment dismissing the amended objections for lack of standing. The objectant opposed the motion and cross-moved, inter alia, for construction of the will resulting in her being the sole residuary beneficiary based on the doctrine [*2]of judicial estoppel. In an order dated December 11, 2020, the Surrogate's Court granted Donna Fakiris's motion and denied the objectant's cross-motion, determining, among other things, that the doctrine of judicial estoppel was inapplicable and that a construction of the decedent's will resulted in the entirety of the residuary estate passing to Donna Fakiris. The court thereafter issued a decree, upon the order, dismissing the amended objections to the final account and judicially settling the final account. The objectant appeals.
Under the doctrine of judicial estoppel, a "party who assumes a certain position in a prior legal proceeding and secures a favorable judgment therein is precluded from assuming a contrary position in another action simply because his or her interests have changed" (Wells Fargo Bank, N.A. v Temlyak, 221 AD3d 750, 752 [internal quotation marks omitted]; see Barker v Amorini, 121 AD3d 823, 824). "The doctrine rests upon the principle that a litigant should not be permitted . . . to lead a court to find a fact one way and then contend in another judicial proceeding that the same fact should be found otherwise" (Barker v Amorini, 121 AD3d at 824 [internal quotation marks omitted]; see H & R Block Bank v Page, 199 AD3d 780, 782).
Contrary to the objectant's contention, the doctrine of judicial estoppel did not bar the co-executors from asserting during the accounting proceedings that the objectant was not the residuary beneficiary (see Ghatani v AGH Realty, LLC, 181 AD3d 909, 911-912). When the Surrogate's Court admitted the decedent's will to probate, there had been no judicial determination, final or otherwise, endorsing the co-executors' position on the parties' interests in the will (see SCPA 304, 1402[2]; 1408 Ghatani v AGH Realty, LLC, 181 AD3d at 911-912).
The Surrogate's Court properly granted those branches of Donna Fakiris's motion which were for construction of the will resulting in the entirety of the residuary estate passing to her with no part of the residuary estate passing to the objectant, and upon such determination, for summary judgment dismissing the amended objections to the final account and judicially settling the final account, and properly denied that branch of the objectant's cross-motion which was for construction of the decedent's will resulting in her being the sole residuary beneficiary. The evidence submitted in support of Donna Fakiris's motion established, prima facie, that the decedent intended for her to be the sole residuary beneficiary of the will and that the objectant was only to receive the residuary estate if Donna Fakiris predeceased the decedent (see Matter of Moore, 200 AD3d 691, 692). In opposition, the objectant failed to raise a triable issue of fact or to establish that she was the intended sole residuary beneficiary (see Alvarez v Prospect Hosp., 68 NY2d 320, 324; Matter of Moore, 200 AD3d at 692).
The objectant's remaining contentions are either without merit or improperly raised for the first time on appeal.
DUFFY, J.P., CHRISTOPHER, GENOVESI and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court