Citimortgage, Inc. v Erickson (2025 NY Slip Op 04156)

Citimortgage, Inc. v Erickson

2025 NY Slip Op 04156

Decided on July 16, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 16, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
ROBERT J. MILLER
LILLIAN WAN
LAURENCE L. LOVE, JJ.

2024-00752
 (Index No. 611348/19)

[*1]Citimortgage, Inc., respondent, 
v
Gregory Erickson, also known as Gregory James Erickson, appellant, et al., defendants.

Christopher Thompson, West Islip, NY, for appellant.
Davidson Fink LLP, Rochester, NY (Richard N. Franco of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Gregory Erickson, also known as Gregory James Erickson, appeals from an order of the Supreme Court, Suffolk County (Paul M. Hensley, J.), dated September 7, 2023. The order, insofar as appealed from, (1) granted those branches of the plaintiff's motion which were to confirm a referee's report and for a judgment of foreclosure and sale and (2) denied that defendant's cross-motion for leave to renew his opposition to the plaintiff's prior motion, inter alia, for summary judgment on the complaint insofar as asserted against him and for an order of reference and his prior cross-motion for summary judgment dismissing the complaint insofar as asserted against him, which had been granted and denied, respectively, in an order of the same court dated September 22, 2022.
ORDERED that the order dated September 7, 2023, is modified, on the law, by deleting the provision thereof granting those branches of the plaintiff's motion which were to confirm the referee's report and for a judgment of foreclosure and sale, and substituting therefor a provision denying those branches of the motion and rejecting the report; and as so modified, the order dated September 7, 2023, is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Suffolk County, for a new report computing the amount due to the plaintiff in accordance herewith.
In June 2011, the plaintiff commenced an action against the defendant Gregory Erickson, also known as Gregory James Erickson (hereinafter the defendant), among others, to foreclose a mortgage on certain real property (hereinafter the premises) located in Suffolk County (hereinafter the 2011 action). In December 2011, the plaintiff voluntarily discontinued the 2011 action.
In 2014, the defendant filed a chapter 7 bankruptcy petition (see 1978 Bankruptcy Code [11 USC] ch 7) in the United Stated Bankruptcy Court for the Middle District of North Carolina (hereinafter the bankruptcy court). The chapter 7 bankruptcy petition was subsequently converted to a chapter 13 petition. By order entered June 4, 2015 (hereinafter the bankruptcy order), a final chapter 13 plan was confirmed by the bankruptcy court pursuant to which the premises was to be released to the plaintiff for liquidation.
On June 14, 2019, the plaintiff commenced the instant action against the defendant, among others, to foreclose the mortgage. The defendant interposed an amended answer, asserting, inter alia, the statute of limitations as an affirmative defense. The plaintiff moved for summary judgment on the complaint insofar as asserted against the defendant and dismissing the defendant's affirmative defenses and counterclaims and for an order of reference. The defendant opposed the motion and cross-moved for summary judgment dismissing the complaint insofar as asserted against him. In an order dated September 28, 2022, the Supreme Court granted the plaintiff's motion and denied the defendant's cross-motion on the ground that the defendant was judicially estopped from taking a position in this action that impedes the plaintiff's recovery of the premises.
In June 2023, the plaintiff moved, inter alia, to confirm the referee's report and for a judgment of foreclosure and sale. The defendant opposed the motion and cross-moved for leave to renew his opposition to the plaintiff's prior motion, among other things, for summary judgment on the complaint insofar as asserted against him and his prior cross-motion for summary judgment dismissing the complaint insofar as asserted against him based on the newly enacted Foreclosure Abuse Prevention Act (FAPA) (L 2022, ch 821 [eff Dec. 30, 2022]). In an order dated September 7, 2023, the Supreme Court granted the plaintiff's motion and denied the defendant's cross-motion. The defendant appeals.
"'A motion for leave to renew is the appropriate vehicle for seeking relief from a prior order based on a change in the law'" (Opalinski v City of New York, 205 AD3d 917, 919, quoting Dinallo v DAL Elec., 60 AD3d 620, 621). A motion for leave to renew based upon an alleged change in the law "shall demonstrate that there has been a change in the law that would change the prior determination" (CPLR 2221[e][2]; see U.S. Bank N.A. v Valencia, 219 AD3d 890, 891-892).
"The doctrine of judicial estoppel, or estoppel against inconsistent positions, precludes a party who assumed a position in one legal proceeding and prevailed in maintaining that position from assuming a contrary position in another proceeding simply because the party's interests have changed" (Ghatani v AGH Realty, LLC, 181 AD3d 909, 911; see Cussick v R.L. Baxter Bldg. Corp., 228 AD3d 614, 616; Cruz v Bank of N.Y. Mellon, 218 AD3d 638, 640). "For the doctrine to apply, there must be a final determination endorsing the party's inconsistent position in the prior proceeding" (Ghatani v AGH Realty, LLC, 181 AD3d at 911; see Cruz v Bank of N.Y. Mellon, 218 AD3d at 640). "The twin purposes of the doctrine are to protect the integrity of the judicial process and to protect judicial integrity by avoiding the risk of inconsistent results in two proceedings" (Davis v Citibank, N.A., 116 AD3d 819, 821 [citation and internal quotation marks omitted]; see Cussick v R.L. Baxter Bldg. Corp., 228 AD3d at 616).
In the context of a chapter 13 proceeding, 11 USC § 1325(a)(5)(C) provides, inter alia, that "the court shall confirm a plan if . . . with respect to each allowed claim provided for by the plan . . . the debtor surrenders the property securing such claim to such holder." Thereafter, pursuant to 11 USC § 1327(a), "[t]he provisions of a confirmed plan bind the debtor and each creditor." This language clearly contemplates surrender of the property to the creditor (see In re Failla, 838 F3d 1170, 1175 [11th Cir]). That surrender "requires debtors to drop their opposition to a foreclosure action" (id. at 1176). "'A debtor who promises to surrender property in bankruptcy court and then, once his [or her] debts are discharged, breaks that promise by opposing a foreclosure action in state court has abused the bankruptcy process'" (In re Scott, 567 BR 847, 851 [SD Fla], quoting In re Failla, 838 F3d at 1179).
Here, the Supreme Court properly concluded that the defendant's proposed bankruptcy plan proposed to release the premises to the plaintiff, and thereafter, the bankruptcy order confirmed that the premises were to be released to, and liquidated by, the plaintiff. Although the relevant statutes use the term "surrender," the term "release" has an identical meaning in this context (see Black's Law Dictionary [12th ed 2024], surrender ["2. The giving up of a right or claim; release (1)]"). As such, the defendant is judicially estopped from asserting nonjurisdictional defenses in this state law foreclosure action (see Koch v National Basketball Assn., 245 AD2d 230; Bank of N.Y. Mellon v Kantrow, 57 Misc 3d 1204[A], 2017 NY Slip Op 51226[U] [Sup Ct, Suffolk County]; In re Failla, 838 F3d at 1175).
Contrary to the defendant's contention, the Appellate Division, First Department's recent decisions in Wilmington Trust, N.A. v Farkas (232 AD3d 524) and Bank of N.Y. Mellon v Del Rio (233 AD3d 529) do not compel a different result. In both of those cases, although the debtors checked a box in their respective bankruptcy petitions indicating their intentions for the real property at issue, Wilmington Trust, N.A. v Farkas did not involve the debtor's surrender of property at all, and in Bank of N.Y. Mellon v Del Rio, there is no indication that a bankruptcy court confirmed an order that the property was to be surrendered to the mortgagor. Accordingly the Supreme Court correctly concluded that a defense based upon FAPA was barred based upon judicial estoppel, which was not affected by the change in law, and properly denied the defendant's cross-motion for leave to renew.
However, the Supreme Court erred in granting those branches of the plaintiff's motion which were to confirm the referee's report and for a judgment of foreclosure and sale. "[T]he referee's findings with respect to the total amount due upon the mortgage were not substantially supported by the record inasmuch as the computation was premised upon unproduced business records" (Wilmington Sav. Fund Socy., FSB v Diehl, 219 AD3d 781, 783, quoting Citimortgage, Inc. v Kidd, 148 AD3d 767, 768-769).
Accordingly, the Supreme Court should have denied those branches of the plaintiff's motion which were to confirm the referee's report and for a judgment of foreclosure and sale, and we remit the matter to the Supreme Court, Suffolk County, for a new report computing the amount due to the plaintiff in accordance herewith.
CONNOLLY, J.P., MILLER, WAN and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court