DeCastro v Capone (2025 NY Slip Op 07376)

DeCastro v Capone

2025 NY Slip Op 07376

Decided on December 31, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 31, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
PAUL WOOTEN
DEBORAH A. DOWLING
LAURENCE L. LOVE, JJ.

2024-04490
 (Index No. 618072/20)

[*1]Manuel DeCastro, et al., plaintiffs,
vDavid Capone, etc., et al., respondents, et al., defendants; Michael Gillin, nonparty-appellant. Venable LLP, New York, NY (Brian J. Clark of counsel), for nonparty-appellant.

Barbiero Bisch O'Connor & Commander LLP, Melville, NY (Pamela M. Gleit of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for medical malpractice, nonparty Michael Gillin appeals from an order of the Supreme Court, Suffolk County (James F. Quinn, J.), dated May 17, 2024. The order denied the motion of nonparty Michael Gillin to quash a judicial subpoena duces tecum served upon him and for a protective order.
ORDERED that the order is affirmed, with costs.
In May 2018, the plaintiff Manuel DeCastro (hereinafter the injured plaintiff) received medical treatment at Stony Brook Southampton Hospital (hereinafter the hospital), which was operated by the State University of New York (hereinafter SUNY). The plaintiffs commenced this medical malpractice action in the Supreme Court against, among others, the defendants David Capone, Kashif Hussain, Louis Spiegel, and Meeting House Practice, P.C. (hereinafter the defendants), related to that treatment. The plaintiffs also commenced a related action in the Court of Claims against the State of New York (hereinafter the Court of Claims action).
During the course of the Court of Claims action, the Court of Claims directed the State to provide an affidavit of a person with knowledge of the electronic medical records of the hospital pertaining to the transmittal of test results to the injured plaintiff's electronic medical record. The State produced an affidavit from nonparty Michael Gillin, the Director of Information Services at the hospital, which affidavit also was provided to the parties in this action.
After receiving the affidavit in this action, the defendants served a so-ordered subpoena ad testificandum upon Gillin directing him to appear for a deposition. The defendants' counsel received an email from an attorney with the law firm Venable LLP (hereinafter Venable) advising that, with regard to Gillin's deposition, Venable had been requested to represent him as an employee of StaffCo of Brooklyn, LLC (hereinafter StaffCo). StaffCo was a registered professional employer organization (hereinafter PEO) (see Labor Law § 915 et seq) with which SUNY had a PEO agreement providing, inter alia, that StaffCo would offer employment to all or substantially all physician and nonphysician employees to furnish services to the hospital.
Before conducting Gillin's deposition, the defendants served upon him a so-ordered subpoena duces tecum directing him to produce copies of "all emails between [him], or anyone on [his] behalf, and any persons at the Attorney General's office, relating to the creation, drafting, revising, [or] editing of [his] affidavit" submitted to the Court of Claims. Still represented by Venable, Gillin moved to quash the subpoena duces tecum served upon him and for a protective order, asserting, among other things, that the requested communications between himself and the Office of the Attorney General (hereinafter OAG) were protected by the attorney-client privilege. By order dated May 17, 2024, the Supreme Court denied the motion. Gillin appeals.
Initially, the Supreme Court erred in concluding, in effect, that the position advanced by Gillin in his motion was precluded under the doctrine of judicial estoppel. That doctrine "precludes a party who assumed a position in one legal proceeding and prevailed in maintaining that position from assuming a contrary position in another proceeding simply because the party's interests have changed" (Cussick v R.L. Baxter Bldg. Corp., 228 AD3d 614, 616 [internal quotation marks omitted]; see Cruz v Bank of N.Y. Mellon, 218 AD3d 638, 640). Here, as relevant to this appeal, Gillin is the movant, not his attorneys, and there was no showing that Gillin was ever a party to any action in which he assumed a contradictory position.
However, the Supreme Court properly denied Gillin's motion to quash the subpoena duces tecum served upon him and for a protective order on the merits. "The attorney-client privilege shields from disclosure any confidential communications between an attorney and his or her client made for the purpose of obtaining or facilitating legal advice in the course of a professional relationship" (Ambac Assur. Corp. v Countrywide Home Loans, Inc., 27 NY3d 616, 623; see Kassenoff v Kassenoff, 213 AD3d 821, 821-822). "The party asserting the privilege bears the burden of establishing its entitlement to protection by showing that the communication at issue was between an attorney and a client for the purpose of facilitating the rendition of legal advice or services, in the course of a professional relationship" (Ambac Assur. Corp. v Countrywide Home Loans, Inc., 27 NY3d at 624 [internal quotation marks omitted]; see Melworm v Encompass Indem. Co., 112 AD3d 794, 795).
Here, Gillin failed to meet his burden of proof. Contrary to his contention, Gillin failed to demonstrate, under the terms of the PEO agreement, that SUNY was his employer insofar as concerned his involvement in this action and the Court of Claims action. Among other things, the PEO agreement provided that, except for purposes of state licensing requirements and coverage under the Workers' Compensation Law, "StaffCo Employees shall not be considered employees of SUNY." Furthermore, Gillin was represented by Venable with respect to the subpoena ad testificandum "as a StaffCo employee." Accordingly, Gillin "failed to establish that an attorney-client relationship existed between [him and the OAG], and that the subject . . . communications were therefore privileged based on such a relationship" (Kassenoff v Kassenoff, 213 AD3d at 822; see Matter of Priest v Hennessy, 51 NY2d 62, 68).
The parties remaining contentions either are without merit or need not be reached in light of our determination.
IANNACCI, J.P., WOOTEN, DOWLING and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court